IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FORREST L. "LENNY" GEIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:23-cv-1129 |
| | ) |
| KANSAS STATE UNIVERSITY; | ) |
| KANSAS STATE UNIVERSITY FOUNDATION; | ) |
| NETWORK KANSAS; NORTHWEST KANSAS | ) |
| ECONOMIC INNOVATION CENTER, INC.; | ) |
| WESTERN KANSAS RURAL ECONOMIC | ) |
| DEVELOPMENT ALLIANCE; LT. GOVERNOR | ) |
| DAVID TOLAND; KDOC ASSOCIATES; and | ) |
| GROW HAYS, INC. | ) |
| | ) |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Kansas State University Foundation ("KSUF") hereby removes this case from the District Court of McPherson County, Kansas to the United States District Court for the District of Kansas by filing this Notice of Removal. In support of this Notice, Defendant KSUF states as follows:

1.  On April 28, 2023, Plaintiff Forrest L. "Lenny" Geist, proceeding pro se, filed a civil action in the District Court of McPherson County, Kansas styled, *Forrest L. "Lenny" Geist v. Kansas State Univ. et al.*, Case No. MP-2023-CV-000036 ("State Court Action").

2.  Along with Defendant KSUF, the State Court Action names at least five other defendants: Kansas State University, Network Kansas, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Lt. Governor David Toland & KDOC Associates. Although six defendants are listed in the case caption, the State Court Action lists additional Defendants, Grow Hays and Scott Sproul (an officer of Defendant Northwest Kansas Economic Innovation Center, Inc.), under the heading "The Parties," and also

sent Summons to David Clingan (a representative of Grow Hays, Inc. d/b/a/ Grow Hays) as "Defendant," but it is not entirely clear whether and to what extent Mr. Geist's claims are being asserted against these parties.

3. Mr. Geist's Complaint alleges that KSUF and the other named Defendants misappropriated indeterminate intellectual property, trade secrets, and copyright-protected content that was allegedly created and owned by Mr. Geist, as detailed below.

4. KSUF was served on May 25, 2023, with a copy of the Summons and Complaint. A copy of the Summons, Complaint, and all documents filed by any party in the underlying State Court Action are attached as **Exhibit A**.

5. A copy of the docket from the State Court Action is attached as **Exhibit B**.

6. KSUF is not aware of any other pleadings or orders other than the documents in Exhibits A and B.

7. This Notice of Removal is timely under 28 U.S.C. §1446(b), as it is being filed within thirty (30) days from when KSUF was served with the Complaint and Summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (clarifying that the 30-day deadline to remove runs from the date of proper service, rather than filing or some other date); *see also* Fed. R. Civ. P. 6(a)(1)(C) (rule stating that, as here, when a deadline falls on a Saturday, the period continues to run until the end of the following business day).

8. Under 28 U.S.C. §1446(a), the United States District Court for the District of Kansas is the appropriate court for the filing of this Notice of Removal, as the State Court Action is pending in the District Court of McPherson County, Kansas.

9. No previous request has been made for the relief requested in this Notice.

10. The non-moving Defendants, Kansas State University, Network Kansas, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development

Alliance, and Lt. Governor David Toland & KDOC Associates, as well as Grow Hays, Inc., David Clingan and Scott Sproul (assuming but without conceding that they have been properly named as a party to this action) all consent to this Notice of Removal. By consenting to removal, Defendants Lt. Governor David Toland and KDOC Associates, and Kansas State University, state that they are not waiving any immunity they have available, specifically including sovereign immunity from liability and immunity under the Kansas Tort Claims Act, from any claim asserted by Plaintiff.

11. While Defendant KSUF, along with the other named co-Defendants, do not concede that Mr. Geist's claims have any legal or factual basis, this Court has original jurisdiction over this case because Mr. Geist's claims arise under federal law and/or implicate significant federal issues pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over any state law claims asserted because they form "part of the same case or controversy" as the claims arising under federal law pursuant to 28 U.S.C. § 1367(a).

12. Mr. Geist's Complaint alleges violations of the following federal statutes: 18 U.S.C.§ 1836 *et seq.* ("Defend Trade Secrets Act") (Count II); 18 U.S.C § 1831 *et seq.* ("Economic Espionage Act") (Count III); the "Digital Millennium Copyright Act"[1] (Count IV); "Federal Securities Laws"[2] (Count VII); and 18 U.S.C. § 1030 ("Computer Fraud and Abuse Act") (Count VIII). The Complaint also alleges claims for violations of the "Uniform Trade Secrets Act"[3] (Count I); K.S.A. §§ 75-6101 and 6104 ("Tortious Interference"[4]) (Counts V an VI); K.S.A. § 22-

---

[1] Though Mr. Geist labels his Count IV as a cause of action under the Digital Millennium Copyright Act, the Complaint does not cite a statutory section.

[2] Mr. Geist does not cite which "federal securities laws" he claims were violated in his Count VII.

[3] Mr. Geist does not cite a statutory section, but he is presumably referencing the "Kansas Uniform Trade Secrets Act" at K.S.A. §§ 60-3320 *et seq*.

[4] Mr. Geist cites Kansas statutory sections under these causes of action but also says that Defendants "violated federal laws" in his description of both claims.

-3-
62008384v3

2619 ("Committing Cyber Crimes") (Count IX); and "Criminal Conspiracy" (Count X). The state law claims arise from the same core factual allegations as the federal law claims.

13. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to federal court." *Pirotte v. HCP Prairie Vill. KS OPCO LLC*, 580 F. Supp. 3d 1012, 1018 (D. Kan. 2022) (internal quotes removed) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14. Thus, at a minimum, this Court has original jurisdiction over Counts II, III, IV, VII, and VIII because they arise under federal law.

15. A federal court also has supplemental jurisdiction over any state-law claim that forms "part of the same case or controversy" as the claim arising under federal law. 28 U.S.C. § 1367(a). For purposes of § 1367(a), claims are "part of the same case or controversy" when they derive from "a common nucleus of operative facts." *Swearingen v. Pleasanton Unified Sch. Dist. 344*, No. 2:20-cv-02630-DDC-TJJ, 2022 WL 16961236, at *25 (D. Kan. Nov. 16, 2022); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

16. This Court also maintains supplemental jurisdiction over all other claims (*i.e.*, Counts I, V, VI, IX, and X) in Mr. Geist's Complaint pursuant to 28 U.S.C. § 1367 because they all relate directly to the same core allegations about the supposed misappropriation of intellectual property, trade secrets, and copyright-protected content purportedly created and owned by Mr. Geist. Thus, this Court is vested with supplemental jurisdiction to decide these claims as well.

17. Since Mr. Geist's claims either expressly arise under federal law or form "part of the same case or controversy" as the federal law claims, removal to federal district court is proper.

18. After filing this Notice of Removal, the undersigned will promptly provide written notice to Mr. Geist, as well as file a Notice of Filing of Notice of Removal with the Clerk of the District Court of McPherson County, Kansas pursuant to 28 U.S.C. §1446(d).

19. Pursuant to Federal Rule of Civil Procedure 81(c), KSUF (along with all other named Defendants) expressly reserves the right to raise all defenses it could otherwise present in response to Plaintiff's Complaint, including, but not limited to, those provided in Federal Rule of Civil Procedure 12.

20. KSUF reserves the right to amend or supplement this Notice of Removal. Further, KSUF respectfully requests that if any dispute arises as to the propriety of this removal, it be given an opportunity to submit a brief in support of this Court's jurisdiction.

WHEREFORE, KSUF, hereby removes the above-titled case from the District Court of McPherson County, Kansas to the United States District Court for the District of Kansas, Wichita Division.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. R. 40.2(c), KSUF requests that the place of trial be at the United States District Courthouse in Wichita, Kansas.

| | |
|---|---|
| Dated:  June 26, 2023 | Respectfully submitted, |
| | LATHROP GPM LLP |

By: */s/ Travis W. McCallon*
Travis W. McCallon   KS #21926
Luke M. Meriwether   (*pro hac vice* forthcoming)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
Travis.McCallon@LathropGPM.com
Luke.Meriwether@LathropGPM.com

*Attorneys for Defendant*
*Kansas State University Foundation*

-6-

62008384v3

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 26th day of June, 2023, a copy of the above pleading was filed with the Clerk of Court for the District of Kansas via the District Court ECM/ECF system, and served by Electronic Mail, on the following counsel of record:

Derek T. Teeter
Michael Raupp
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Derek.Teeter@Huschblackwell.com
Michael.Raupp@Huschblackwell.com

*ATTORNEYS FOR DEFENDANTS KANSAS STATE UNIVERSITY, LT. GOVERNOR AND SECRETARY OF COMMERCE DAVID C. TOLAND*

Shannon D. Wead
Alexandra N.C. Rose
FOULSTON SIEFKIN LLP
1551 N. Waterfront Prkwy, Suite 100
Wichita, KS 67206
SWead@Foulston.com
NRose@Foulston.com

*ATTORNEYS FOR DEFENDANT NETWORK KANSAS*

Amber Cabrera
Kansas Department of Commerce
1000 S.W. Jackson Street, Suite 100
Topeka, KS 66612
Amber.cabrera@ks.gov

*ATTORNEYS FOR DEFENDANT LT. GOVERNOR AND SECRETARY OF COMMERCE DAVID C. TOLAND*

Travis J. Ternes
WATKINS CALCARA CHTD.
1321 Main St., Suite 300
P.O. Drawer 1110
Great Bend, KS 67530
TTernes@WCRF.com

*ATTORNEYS FOR DEFENDANT WESTERN KANSAS RURAL ECONOMIC DEVELOPMENT ALLIANCE*

Christopher McElgunn
KLENDA AUSTERMAN LLC
301 N. Main, Suite 1600
Wichita, KS 67202-4816
cmcelgunn@klendalaw.com

*ATTORNEYS FOR DEFENDANT NORTHWEST KANSAS ECONOMIC INNOVATION CENTER, INC. and SCOTT SPROUL*

Christopher W. Sook
Ashley D. Comeau
JETER TURNER SOOK BAXTER LLP
1200 Main, Suite 101
PO Box 128
Hays, KS 67601
csook@jeterlawoffice.com
acomeau@jeterlawoffice.com

*ATTORNEYS FOR DEFENDANT GROW HAYS, INC. AND DAVID CLINGAN*

-8-

      Furthermore, the undersigned certifies that on June 26, 2023, a true and correct copy of the foregoing has also been forwarded to Plaintiff via U.S. first class mail, postage prepaid addressed as follows:

      Lenny Geist
      11334 W. 131st Street
      Overland Park, KS 66213

      /s/ *Travis W. McCallon*
      *Attorney for Defendant*
      *Kansas State University Foundation*