# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FORREST L. "LENNY" GEIST,        )
                                     )

                Plaintiff,        )
                                     )

vs.                                )    Case No. 6:23-cv-01129-JWB-KGG
                                     )

KANSAS STATE UNIVERSITY      )
et al.,                              )
                                   )

              Defendants.     )

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO STAY

Mr. Geist's 11th-hour request to stay this case should be denied. After filing suit (along with subsequently filing a motion for preliminary injunction) and after all Motions to Dismiss are now fully briefed, Mr. Geist wants to press the pause button on this entire lawsuit in speculative hopes that there might be a chance of intervention by some law enforcement agency, regulators, or the state legislature. But Mr. Geist's Motion (Dkt. 55) lacks the factual and legal support necessary to show that he is entitled to a stay. The investigations that Mr. Geist hopes for are purely hypothetical. And even if an investigation or a criminal proceeding existed, it would still not warrant a stay of these proceedings, because Mr. Geist's desired piggyback discovery would not change the outcome of Defendants' pending motions to dismiss. As such, all named Defendants join in this Opposition and respectfully request that the Court deny Mr. Geist's Motion to Stay.

A district court has broad discretion when deciding whether to grant a stay in favor of a parallel action. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). "When applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Id.* The Court may reach its decision based on weighing factors that include the overlap of issues between the parallel matters,

the status of the criminal proceeding (if any), and the burden on the parties, Court, and public. *Stohr v. Scharer, No.* 6:17-cv-1018-JWB, 2018 WL 2427427, at *2 (D. Kan. May 30, 2018). Here, Mr. Geist's arguments in favor of a stay fail for at least four distinct reasons.

*First*, Mr. Geist has failed to show that a parallel proceeding or investigation even exists in the first place. *See Stohr*, 2018 WL 2427427, at *3 (denying stay where there was no active criminal investigation); *see also Bolton v. Daniel,* No. 1:21-cv-4052-MHC, 2022 WL 18777371, at *2 (N.D. Ga. Apr. 1, 2022) (denying stay because "no criminal proceeding has been instituted and there is no indication one will be instituted at any point in the near future."). Even if true, Mr. Geist's allegations only show that he met with and submitted information to government entities *in mere hopes* that they institute an investigation. Not only has Mr. Geist failed to show that a criminal proceeding has been initiated, but he has also failed to show that any entity has even begun an inquiry. Certainly, Defendants have not received notice that they are the target of any investigation, nor do Defendants expect to receive such notice under the circumstances. Mr. Geist provides only his own view that his alleged meetings with law enforcement and government officials will result in some official action.[1]

The evidence submitted in support of Mr. Geist's motion only highlights the lack of evidentiary support for a stay. For example, Mr. Geist's motion attaches a communication from the IRS Whistleblower Office (Ex. V), but this is merely a form letter confirming that the agency received Mr. Geist's submission. In fact, the letter specifically states that the IRS had not yet

---

[1] Defendants presume, given the requirement that the parallel proceedings have overlapping issues (*See Stohr*, 2018 WL 2427427, at *2), that Mr. Geist's communications to law enforcement and regulators describe the same theory as his civil lawsuit, *i.e.*, that Defendants supposedly engaged in a vast conspiracy to steal his idea for a statewide network of ag-tech sites. The futility of Mr. Geist's allegations, as described in Defendants' motions to dismiss (Dkts. 24, 27, 30, 48-50), is a strong indication that any government entity that reviews Mr. Geist's materials will find them similarly baseless and decline to pursue an investigation.

evaluated the information that Mr. Geist provided, and that the agency would only later "determine if an investigation is warranted."[2] This completely undercuts any allegation that there is an active IRS investigation or proceeding, and Mr. Geist submits no other evidence that any other entity has taken *any steps* as a result of being contacted by Mr. Geist. Without demonstrating that any parallel proceeding or investigation even exists, the requested stay should be denied because the Court "cannot predict whether any criminal proceeding will ever be initiated." *Stohr*, 2018 WL 2427427, at *3.

**Second**, the only claimed hardship that Mr. Geist points to in support of his motion is the supposed inefficiency in proceeding with a civil case while the alleged governmental investigations are ongoing. Setting aside that Mr. Geist has not shown that a proceeding or investigation even exists, a stay would clearly damage *Defendants* by further delaying the timely resolution of their pending Motions to Dismiss the unsupported allegations being made against them by Mr. Geist.

**Third**, Mr. Geist's concern about the efficient use of party and Court resources is undercut by the fact that it is *Mr. Geist* who is solely responsible for the filing of his civil case and the timing of that filing.[3] Mr. Geist chose to file his case in McPherson County on April 28—just four months

---

[2] And the letter itself confirms that even if the IRS did open an investigation, the results would not be known for "years." Thus, Mr. Geist's requested one-year delay would likely not even cover an IRS investigation, even in the unlikely event that such an investigation was eventually instituted.

[3] Mr. Geist's request is also unusual given his status as a civil plaintiff arguing for a stay because of (non-existent) criminal and regulatory investigations against Defendants. The relevant caselaw almost exclusively involves situations where the target of a criminal action—whether they are defendant or plaintiff in a civil matter—is the party requesting the stay due to concerns about prejudice in the criminal case resulting from the broader scope of civil discovery. *See DeAtley v. Allard*, No. 14-cv-00100-RM-KMT, 2014 WL 1258170, at *2 (D. Colo. Mar. 27, 2014). Here, Mr. Geist is arguing for a stay because of a potential criminal case against Defendants. Defendants, of course, oppose that stay. As such, this scenario does not raise any of the traditional fairness

after the speech from K-State President Dr. Richard Linton that Mr. Geist alleges triggered this lawsuit. (Dkt. 1-1, p. 6). If Mr. Geist thought it prudent to wait for government investigations, he could have done so before filing his lawsuit. Mr. Geist chose the timing of this lawsuit, and the Court should not insulate him from the consequences of that decision by now granting his request for a stay.

*Fourth*, and finally, the Court need not wait for the results of any hypothetical investigation or proceeding to take place because additional facts would still not save the allegations in Mr. Geist's Complaint. Indeed, Defendants' pending motions to dismiss describe how the Complaint fails to plausibly allege the necessary elements of any claim for relief, and that it fails as a matter of law against the State Defendants who enjoy sovereign immunity. (*See* Dkts. 24, 27, 30, 48-50). In fact, even if everything Mr. Geist says is true, no amount of hypothetical piggyback discovery from law enforcement or regulatory agencies could cure the deficiencies in his Complaint. Accordingly, there is no need to pause or delay this case to wait for investigations or ancillary proceedings that may never come to pass.

Mr. Geist's Motion to Stay is based on hypothetical and speculative government investigations that have not been instituted, and are unlikely to mature into active inquiries, much less formal legal proceedings. As such, the Court need not delay this case for a full year on the mere chance that an investigation may be instituted at some unknown point in the future. For all these reasons, Mr. Geist's motion to stay should be denied.

---

concerns typically considered by Courts faced with a motion to stay. The posture of this case therefore is another reason to deny Mr. Geist's request.

Dated:  <u>October 27, 2023</u>

LATHROP GPM LLP

By:  <u>*/s/ Travis W. McCallon*</u>
    Travis W. McCallon    KS #21926
    Luke M. Meriwether*
    2345 Grand Boulevard, Suite 2200
    Kansas City, MO 64108-2618
    Telephone:  (816) 292-2000
    Telecopier:  (816) 292-2001
    Travis.McCallon@LathropGPM.com
    Luke.Meriwether@LathropGPM.com
    (*Pro Hac Vice)

*ATTORNEYS FOR DEFENDANT KANSAS
STATE UNIVERSITY FOUNDATION*

KLENDA AUSTERMAN LLC

By:  <u>*/s/ Christopher McElgunn*</u>
    Christopher McElgunn
    301 N. Main, Suite 1600
    Wichita, KS 67202-4816
    cmcelgunn@klendalaw.com

*ATTORNEYS FOR DEFENDANT
NORTHWEST KANSAS ECONOMIC
INNOVATION CENTER, INC.*

Respectfully submitted,

WATKINS CALCARA CHTD.

By:  <u>*/s/ Travis J. Ternes*</u>
    Travis J. Ternes
    1321 Main St., Suite 300
    P.O. Drawer 1110
    Great Bend, KS 67530
    Telephone:  (620) 792-8231
    Telecopier:  (620)792-2775
    TTernes@WCRF.com

*ATTORNEYS FOR DEFENDANT WESTERN
KANSAS RURAL ECONOMIC
DEVELOPMENT ALLIANCE*

JETER TURNER SOOK BAXTER LLP

By:  <u>*/s/ Christopher W. Sook*</u>
    Christopher W. Sook
    Ashley D. Comeau
    1200 Main, Suite 101
    PO Box 128
    Hays, KS 67601
    csook@jeterlawoffice.com
    acomeau@jeterlawoffice.com

*ATTORNEYS FOR DEFENDANT
GROW HAYS, INC. AND ITS EMPLOYEE
DAVID CLINGAN*

FOULSTON SIEFKIN LLP

By: */s/ Alexandra N.C. Rose*
  Alexandra N.C. Rose
  Shannon D. Wead
  1551 N. Waterfront Parkway, Suite 1000
  Wichita, KS 67206-4466
  nrose@foulston.com
  swead@foulston.com

*ATTORNEYS FOR DEFENDANT*
*NETWORK KANSAS*

HUSCH BLACKWELL LLP

By: /s/ Derek T. Teeter
  Derek T. Teeter
  Michael Raupp
  HUSCH BLACKWELL LLP
  4801 Main Street, Suite 1000
  Kansas City, MO 64112
  Derek.Teeter@Huschblackwell.com
  Michael.Raupp@Huschblackwell.com

*ATTORNEYS FOR DEFENDANTS KANSAS*
*STATE UNIVERSITY, LT. GOVERNOR AND*
*SECRETARY OF COMMERCE DAVID C.*
*TOLAND*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of October, 2023, a true and correct copy of the above pleading was filed with the Clerk of Court for the District of Kansas via the District Court ECM/ECF system, with service on counsel of record by the Notice of Electronic Filing generated by the Court's CM/ECF system (with a copy sent via electronic mail to any individuals who do not receive electronic notice from the Clerk).

Furthermore, the undersigned certifies that on October 27, 2023, a true and correct copy of the foregoing has also been forwarded to Plaintiff via U.S. first class mail, postage prepaid addressed as follows:

  Lenny Geist
  1371 Oakmont Street, Apt. 9
  McPherson, KS 67460

       /s/ Travis W. McCallon
       *Attorney for Defendant*
       *Kansas State University Foundation*

62638929v2