IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FORREST L. GEIST, | |
| **Plaintiff,** | |
| v. | Case No. 23-01129-JWB |
| KANSAS STATE UNIVERSITY FOUNDATION, et al., | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

This matter is before the court on review of Defendants' motions to dismiss (Docs. 23, 26, 29), Plaintiff's motion for preliminary injunction (Doc. 45), and Plaintiff's motion to stay (Doc. 55). The motions are fully briefed (Docs. 24, 27, 30, 44, 45, 47–51, 56–61) and ripe for review. Defendants have also filed a motion to strike some of Plaintiff's untimely filings (Doc. 62). The court GRANTS the motions to dismiss for the reasons discussed herein. Consequently, the court DENIES the motion for preliminary junction and motion to stay. The court DENIES AS MOOT the motion to strike.

**I.     Background**

Plaintiff Forrest L. Geist began "formulating authentic business approaches that creatively blended multiple concepts, technologies, industries, initiatives, and compilations unlike any in use then or since to gain a competitive advantage as well as economic benefits for his private company (LLC)" in February 2017. (Doc. 1-1 at 3.) Plaintiff presented his idea for a statewide network of 105 "ag-tech campuses" to "K-State College of Agriculture Assoc. Dean" Dr. Ernie Minton, three faculty members, and an electrical engineer in April 2018. (*Id.* at 5.) Plaintiff also met with Kansas State University ("KSU") and Kansas State University Foundation ("KSUF") leaders in

August 2018.  (*Id.* at 7.)  Defendants announced a project called "K-State 105" in January 2023 that Plaintiff believes is a "flimsy renaming and repositioning of [Plaintiff's] Intellectual Property (IP), Trade Secrets (TS) and Copyrighted Content (CC)." (*Id.* at 8.)

Plaintiff sued Defendants KSU, KSUF, NetWork Kansas, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Lieutenant Governor David Toland, KDOC Associates, and Grow Hays in state court for alleged violations of state and federal law connected to the alleged misappropriation of intellectual property.  (Doc. 1-1 at 2.)[1]  KSUF removed this case to federal court with the other Defendants' consent by invoking 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  (Doc. 1 at 1–3.)  The parties have stipulated that Plaintiff is pursuing his claims and allegations only on behalf of himself as an individual citizen.  (Doc. 56 at 1.)  All Defendants move to dismiss.  (Docs. 23, 26, 29.)

**II.     Standard**

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a

---

[1] The state court action lists Grow Hays as a Defendant in the body of the complaint.  (Doc. 1-1 at 6.)  "KDOC Associates" are never specified, and it seems that Plaintiff is merely attempting to sue Toland in his official capacity.  Any other persons Plaintiff may have served in this action who are not discussed in the body of this order are dismissed for failure to state a claim against them due to a complete lack of specific allegations.

2

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted).

All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing on the court's consideration. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. Analysis

Plaintiff's complaint lists ten counts against Defendants: (1) violation of the Kansas Uniform Trade Secrets Act, (2) violation of the Defend Trade Secrets Act, (3) violation of the Economic Espionage Act, (4) violation of the Digital Millennium Copyright Act, (5–6) tortious interference, (7) violation of federal securities laws, (8) violation of the Computer Fraud and Abuse Act, (9) commission of cybercrimes under Kansas law, and (10) generalized criminal conspiracy. (Doc. 1-1 at 8–11.)[2] The court addresses the motion to dismiss by KSU and Toland first because it raises issues of immunity from liability.

#### 1. KSU & Toland's Motion to Dismiss

KSU and Toland argue that they are arms of the state that are immune from liability for Plaintiff's federal claims under traditional sovereign immunity and immune from Plaintiff's state claims under the discretionary function exception of the Kansas Tort Claims Act ("KTCA"). (Doc. 27 at 11–17.) Plaintiff argues (1) that the KTCA does not grant immunity for illegal activities, (2)

---

[2] The court construes counts 5, 6, and 10 as being under state law because those claims seem centered on state law concepts despite passing references to federal law.

that Eleventh Amendment immunity is not absolute, and (3) that KSU and Toland have no immunity under the proprietary functions test. (Doc. 44 at 21–22, 28.)

States enjoy two discrete types of sovereign immunity: (1) Eleventh Amendment immunity from suit in federal court, and (2) a general sovereign immunity to damages in any court. *See Lujan v. Regents of Univ. of Calif.*, 69 F.3d 1511, 1522 (10th Cir. 1995). A state may invoke this second type of immunity, immunity from liability, even after agreeing to removal. *Trant v. Oklahoma*, 754 F.3d 1158, 1173 (10th Cir. 2014). "In Kansas, the consent to suit or waiver of sovereign immunity must be based on State action, meaning legislative enactments expressing the will of the elected officials and cannot be based on acts of agents." *Purvis v. Williams*, 276 Kan. 182, 73 P.3d 740, 749 (2003). Moreover, governmental entities and officials acting within the scope of their employment are not liable for damages under Kansas law when performing a discretionary function or duty. K.S.A. § 75-6104.

Here, addressing Plaintiff's second and third arguments, Plaintiff's argument about Eleventh Amendment immunity is inapposite because Toland and KSU are asserting immunity from liability rather than their Eleventh Amendment immunity from suit in a federal forum. Similarly, Plaintiff does not explain how engaging in a proprietary function would affect a state's sovereign immunity from liability in federal court. And moreover, he does not allege facts to establish Toland and KSU engaged in proprietary functions under Kansas law. "Acts that declare a public purpose and provide ways and means to accomplish that purpose generally may be classified as governmental." *Jayhawk Racing Properties, LLC v. City of Topeka*, 313 Kan. 149, 155, 484 P.3d 250, 254 (2021) (noting one of the factors for determining a governmental function). Here, Plaintiffs pleadings focus exclusively on the "K-State 105" announcement by government officials in Topeka. (Doc. 1-1 at 8.) Plaintiff provides no facts to indicate this announcement and

plan were anything but an attempt to achieve a public purpose and were thus a governmental function. *See City of Olathe v. City of Spring Hill*, 316 Kan. 64, 512 P.3d 723, 727 (2022) (finding it unnecessary to break analysis down into multiple factors when the development, introduction, or improvement of governmental services was clearly involved in municipal annexation).

Nor do Plaintiff's pleadings otherwise plausibly show that sovereign immunity does not apply due to abrogation by Congress, an *Ex Parte Young* exception, or waiver by the state. The only exception that would possibly apply here would be an *Ex Parte Young* suit against Toland in his official capacity for prospective injunctive relief, but Plaintiff fails to allege the necessary "connection with the enforcement" of a challenged policy. *Frank v. Lee*, 84 F.4th 1119, 1132 (10th Cir. 2023). Therefore, Plaintiff's second and third arguments must fail and Toland and KSU are entitled to immunity from Plaintiff's federal claims.

Turning to Plaintiff's argument about the KTCA, Plaintiff is partially correct in that the KTCA does generally waive immunity from liability for state actors for state tort claims. K.S.A. § 75-6103. Here, however, Toland and KSU assert that any acts alleged in Plaintiff's complaint fall within the discretionary function exception to the waiver from immunity. "[T]o determine whether a . . . function or duty is discretionary for the purposes of the KTCA, courts must ask 'whether the judgment of the governmental employee is of the nature and quality which the legislature intended to put beyond judicial review.'" *Schreiner v. Hodge*, 315 Kan. 25, 504 P.3d 410, 424 (2022) (citation omitted). A judgment more involved with policy is more likely recognized as inappropriate for judicial review. *Id.* Here, Plaintiff's allegations unequivocally center on economic policy rather than any mandatory duty by Toland or KSU. Therefore, Toland and KSU are also entitled to dismissal of Plaintiff's state claims without prejudice based on sovereign immunity.

5

### 2. Remaining Motions to Dismiss

The court addresses the motions to dismiss and accompanying memoranda by KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc. (Docs. 23, 24) and NetWork Kansas (Docs. 29, 30) (collectively, the "Organization Defendants") in tandem because their arguments overlap.

#### i. Counts with No Private Cause of Action (Counts III, IX, and X)

Plaintiff brings claims for violation of the Economic Espionage Act (Count III), violation of K.S.A. § 22-2619 (Count IX), and criminal conspiracy (Count X). Organization Defendants argue that there are no private causes of action for any of these counts. (Doc. 24 at 14–15, 19; Doc. 30 at 8, 14.) The court agrees. These counts are dismissed with prejudice for failure to state a claim because amendment would be futile.

#### ii. Counts I and II

Plaintiff brings claims under the Kansas Uniform Trade Secrets Act and the Defend Trade Secrets Act. (Doc. 1-1 at 8–9.) Organization Defendants argue that Plaintiff fails to sufficiently allege a trade secret, and Plaintiff can never allege a trade secret because he enclosed any information that could possibly be a trade secret in this case in a trademark application, which is public record. (Doc. 24 at 11–14; Doc. 30 at 4–7.) Plaintiff argues that his payment for a trademark illustrates his intent was to protect his works, and that his trade secrets are contained in documents that were not attached to the trademark application. (Doc. 44 at 2.) Moreover, he asserts the executive summary of his ideas attached to the trademark application does not contain his trade secrets. (*Id.* at 5.)

The elements of a misappropriation claim under the Kansas Uniform Trade Secrets Act and the Defend Trade Secrets Act are almost the same. *Assessment Techs. Inst., LLC v. Parkes*,

588 F. Supp. 3d 1178, 1211 (D. Kan. 2022). As relevant here, both claims require the existence of a trade secret. *Id.* Trade secrets under the Defend Trade Secrets Act are "all forms and types of financial, business, scientific, technical, economic, or engineering information." *Id.* (citing 18 U.S.C. § 1839(3)). But the owner must take "reasonable measures to keep such information secret" and the information must create independent economic value from not being generally known or ascertainable by others. *Id.* (citing § 1839(3)(A)–(B)). The Kansas Uniform Trade Secrets Act defines a trade secret similarly. *See* K.S.A. § 60-3320(4).

Here, Plaintiff fails to sufficiently allege the existence of a trade secret. Plaintiff's allegations about his unique "business approaches" are insufficiently specific to put any Defendant on notice as to what the purported trade secrets are. Dismissal is appropriate. However, dismissal without prejudice is appropriate because amendment may not necessarily be futile. The court may consider the trademark application because it is referenced in the complaint and its authenticity is undisputed. *See Alcarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (noting that a court may consider documents referred to in the complaint if they are central to plaintiff's claims and undisputed). But Plaintiff now claims that his trade secrets are not contained in his trademark application. (Doc. 44 at 5 ("The exec summary doesn't include trade secrets in question as part of IP Defendants stole.")) This seems in tension with Plaintiff's allegation that he "submitted his entire business plan along with his trademark application." (Doc. 1-1 at 3.)

But ultimately Plaintiff's allegations are too vague for the court to tell precisely what any particular trade secret is and whether the disclosures in the trademark application or on the Freedom Farms website invalidate any trade secret claim Plaintiff may have. Contrary to what Plaintiff seems to think, a trade secret is a distinct method of protecting intellectual property and is not interchangeable with trademark and copyright. Unfettered public access is insufficient to

7

establish a trade secret as a matter of law. *Cf. Assessment Techs. Inst., LLC*, 588 F. Supp. 3d at 1212 (finding no evidence that a purported trade secret was generally available to the public). The court dismisses Counts I and II without prejudice.

### iii. Count IV

Plaintiff alleges that Defendants violated the Digital Millennium Copyright Act by illegally copying and using his business plan. (Doc. 1-1 at 9.) Construing this allegation as a copyright infringement claim, Organization Defendants argue, *inter alia*, that Plaintiff cannot bring a claim for copyright infringement because he has failed to allege preregistration or registration of a copyright. (Doc. 24 at 15; Doc. 30 at 8–9.) Plaintiff does not seem to contest that he is bringing a copyright infringement claim and argues that copyright protections apply with or without registration. (Doc. 44 at 2.)

In general, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). This is a precondition to suit that is nonjurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). Here, Plaintiff points to the Supreme Court's recent decision in *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178 (2022) to argue that the safe harbor provision of the Copyright Act protects him even without a proper registration. (Doc. 44 at 2.) But Plaintiff misunderstands the Supreme Court's decision and Organization Defendants' argument. *Unicolors* held that "[l]ack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration," but a registration generally remains "a prerequisite for bringing a 'civil action for infringement.'" *Unicolors, Inc.*, 595 U.S. at 181–82 (citing § 411(a)). The court therefore finds that dismissal of Count IV without prejudice is appropriate.

### iv. Counts V and VI

Plaintiff alleges that he has suffered tortious interference with his prospective business advantage by Defendants usurping professional relationships and undermining efforts between Plaintiff and potential investors and partners. (Doc. 1-1 at 9–10.) Organization Defendants argue in part that Plaintiff fails to allege a plausible claim because he fails to address the necessary elements for a tortious interference claim. (Doc. 24 at 17; Doc. 30 at 12.)

The elements of a tortious interference with prospective business advantage claim are:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) a reasonable certainty that, except for the conduct of the defendant, plaintiff would have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) incurrence of damages by plaintiff as a direct or proximate result of defendant's misconduct.

*Cohen v. Battaglia*, 296 Kan. 542, 293 P.3d 752, 755 (2013). Here, Plaintiff fails to allege the parties with which he would have had a relationship, and he also fails to allege facts supporting any potential relationship would have been realized but for Organization Defendants, or that he incurred any damages due to the loss of those relationships. The court dismisses Counts V and VI without prejudice.

### v. Count VII

Plaintiff alleges that Defendants violated federal securities laws by raising capital for the illegal equivalent of Plaintiff's plans without SEC registration. (Doc. 1-1 at 11.) Organization Defendants argue, *inter alia*, that Plaintiff fails to state a claim because he does not identify any security in his complaint to which a private cause of action under federal securities laws could apply. (Doc. 24 at 18; Doc. 30 at 13.) The court agrees and dismisses this count without prejudice for failure to state a claim.

9

### vi.　Count VIII

Plaintiff alleges Defendants violated the Computer Fraud and Abuse Act by using computers and electronic devices to unlawfully enrich themselves at Plaintiff's expense. (Doc. 1-1 at 11.) Organization Defendants argue that Plaintiff fails to state a claim because he does not allege unauthorized access to a computer. (Doc. 24 at 18–19; Doc. 30 at 13.) 18 U.S.C. § 1030(g) provides a limited private cause of action against those who knowingly access a computer "without authorization or exceeding authorized access." § 1030(a). There is no such allegation against Organization Defendants here, so Plaintiff fails to state a claim. This claim is dismissed without prejudice.

### 3.　Motion for Preliminary Injunction; Motion to Stay

Plaintiff moves this court for a preliminary injunction (Doc. 45) and to stay these proceedings for a year for potential criminal actions against Defendants. (Doc. 55.) One requirement for getting a preliminary injunction is a likelihood of success on the merits. *Stewart v. Norwood*, No. 5:16-cv-03189-JAR, 2017 WL 2306342, at *2 (D. Kan. May 26, 2017). Based on the foregoing, Plaintiff cannot make this showing. The court thus denies the motion for a preliminary injunction.

Regarding the request for a stay, the court has used the following factors to determine whether to grant a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.

*Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427, at *2 (D. Kan. May 30, 2018). Here, there is no current criminal case pending against Defendants, Plaintiff chose to bring this action

now, Defendants would be burdened by any delay after fully briefing multiple motions in this case, and the court's and public's interest would not be served in prolonging a case subject to meritorious motions to dismiss. The court thus denies the motion to stay.[3]

Finally, Defendants move to strike Documents 59, 60, and 61 as untimely sur-replies. (Doc. 62.) While Defendants are correct that such documents were filed without the court's permission, even considering those documents, the court finds the above holdings appropriate. Therefore, the motion to strike is denied as moot.

## IV. Conclusion

The court GRANTS the motions to dismiss (Docs. 23, 26, 29). Counts III, IX, and X are DISMISSED WITH PREJUDICE as to KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Grow Hays, Inc., and NetWork Kansas. The remainder of this action is DISMISSED WITHOUT PREJUDICE. Toland's former motion to dismiss (Doc. 20) is DENIED AS MOOT. Defendants' motion to strike (Doc. 62) is DENIED AS MOOT. All remaining pending motions (Docs. 45, 55) are DENIED.

IT IS SO ORDERED.

Dated: November 21, 2023            /s/      John Broomes
                                    JOHN W. BROOMES
                                    UNITED STATES DISTRICT JUDGE

---

[3] The court declines to address any additional alternative arguments raised by Defendants in their briefing.