CLOSED,APPEAL,LC3

# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CIVIL DOCKET FOR CASE #: 6:23−cv−01129−JWB−GEB

Geist v. Kansas State University Foundation et al

Assigned to: District Judge John W. Broomes

Referred to: Magistrate Judge Gwynne E. Birzer

Case in other court:  District Court of McPherson County, Kansas, MP−2023−CV−000036

Cause: 18:1836(b) Civil Action to Protect Trade Secrets

Date Filed: 06/26/2023

Date Terminated: 11/21/2023

Jury Demand: Plaintiff

Nature of Suit: 880 Defend Trade Secrets Act (of 2016)

Jurisdiction: Federal Question

**Plaintiff**

**Forrest L. Geist**
*and Heirs ; E−Filing & ECF Notifications*
*also known as*
Lenny Geist

represented by **Forrest L. Geist**
1371 Oakmont Street
Townhouse 9
McPherson, KS 67460
623−687−4163
Email: kansasfreedomfarms@gmail.com
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Kansas State University Foundation**
*Greg Willems, President & CEO*

represented by **Luke M. Meriwether**
Lathrop GPM, LLP − Kansas City
2345 Grand Boulevard
Kansas City, MO 64108−2618
816−292−2000
Fax: 816−292−2001
Alternative Phone:
Cell Phone:
Email: luke.meriwether@lathropgpm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Travis W. McCallon**
Lathrop GPM, LLP − Kansas City
2345 Grand Boulevard
Kansas City, MO 64108−2618
816−292−2000
Fax: 816−292−2001
Alternative Phone:
Cell Phone: 816−809−8940

Email: travis.mccallon@lathropgpm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 21926*
*Bar Status: Active*

**Defendant**

**Kansas State University**                    represented by    **Derek T. Teeter**
*Dr. Richard Linton, President*                                  Husch Blackwell LLP – 4801 Main
                                                                 4801 Main Street, Suite 1000
                                                                 Kansas City, MO 64112
                                                                 816–983–8331
                                                                 Fax: 816–983–8080
                                                                 Alternative Phone:
                                                                 Cell Phone:
                                                                 Email: derek.teeter@huschblackwell.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Number: 23242*
                                                                 *Bar Status: Active*

                                                                 **Michael T. Raupp**
                                                                 Husch Blackwell LLP – 4801 Main
                                                                 4801 Main Street, Suite 1000
                                                                 Kansas City, MO 64112
                                                                 816–983–8324
                                                                 Fax: 816–983–8080
                                                                 Alternative Phone:
                                                                 Cell Phone:
                                                                 Email:
                                                                 michael.raupp@huschblackwell.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Number: 25831*
                                                                 *Bar Status: Active*

**Defendant**

**Network Kansas**                             represented by    **Alexandra N.C. Rose**
*Steve Radley, President*                                        Foulston Siefkin LLP – Wichita
                                                                 1551 N. Waterfront Parkway, Suite 100
                                                                 Wichita, KS 67206–4466
                                                                 316–291–9796
                                                                 Fax: 316–771–6149
                                                                 Alternative Phone: 785–817–5113
                                                                 Cell Phone:
                                                                 Email: nrose@foulston.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Number: 27247*
                                                                 *Bar Status: Active*

2

<table>
<tr><td></td><td></td><td>

**Shannon Wead**
Foulston Siefkin LLP – Wichita
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206–4466
316–267–6371
Alternative Phone:
Cell Phone:
Email: swead@foulston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18301*
*Bar Status: Active*
</td></tr>
</table>

**Defendant**

| | | |
|---|---|---|
| **Northwest Kansas Economic Innovation Center, Inc.**<br>*Scott Sproul, President & CEO* | represented by | **Christopher A. McElgunn**<br>Klenda Austerman LLC – Wichita<br>301 North Main, Suite 1600<br>Wichita, KS 67202<br>316–267–0331<br>Fax: 316–267–0333<br>Alternative Phone: 316–290–4621<br>Cell Phone: 316–371–6182<br>Email: cmcelgunn@klendalaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 13359*<br>*Bar Status: Active* |

**Defendant**

| | | |
|---|---|---|
| **Western Kansas Rural Economic Development Alliance**<br>*Eli Svaty, President* | represented by | **Travis John Ternes**<br>Watkins Calcara, Chtd.<br>1321 Main Street, Suite 300<br>PO Drawer 1110<br>Great Bend, KS 67530<br>620–792–8231<br>Alternative Phone:<br>Cell Phone: 620–282–2581<br>Email: tternes@wcrf.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 27184*<br>*Bar Status: Active* |

**Defendant**

| | | |
|---|---|---|
| **David Toland**<br>*Kansas Lieutenant Governor and Secretary of Commerce, in his official capacity* | represented by | **Amber Cabrera**<br>Kansas Department of Commerce<br>Curtis State Office Bldg., Suite 100<br>1000 SW Jackson<br>Topeka, KS 66612–1354<br>785–296–0135<br>Alternative Phone: |

Cell Phone:
Email: amber.cabrera@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27091*
*Bar Status: Active*

**Derek T. Teeter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 23242*
*Bar Status: Active*

**Michael T. Raupp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25831*
*Bar Status: Active*

<u>**Defendant**</u>

**Kansas Department of Commerce**              represented by   **Amber Cabrera**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27091*
*Bar Status: Active*

<u>**Defendant**</u>

**Grow Hays, Inc.**                            represented by   **Ashley D. Comeau**
*David Clingan, Director of Recruitment*                        Jeter Turner Sook Baxter LLP
*& Retention*                                                   1200 Main Street, Suite 101
                                                                Hays, KS 67601
                                                                785−628−8226
                                                                Fax: 785−628−1376
                                                                Alternative Phone:
                                                                Cell Phone:
                                                                Email: acomeau@jeterlawoffice.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Bar Number: 24973*
                                                                *Bar Status: Active*

**Christopher W. Sook**
Jeter Turner Sook Baxter LLP
1200 Main Street, Suite 101
Hays, KS 67601
785−628−8226
Fax: 785−628−1376
Alternative Phone:

Cell Phone:
Email: csook@jeterlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 20737*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2023 | 1 | NOTICE OF REMOVAL from District Court of McPherson County, Kansas, case number MP–2023–CV–000036, trial location of Wichita (Filing fee $402, Internet Payment Receipt Number AKSDC–6092610.), filed by Kansas State University Foundation. (Attachments: # 1 Ex. A – Plaintiff's Original Complaint, # 2 Ex. B – McPherson County Court Docket Sheet)(McCallon, Travis) (Entered: 06/26/2023) |
| 06/26/2023 | 2 | CIVIL COVER SHEET by Defendant Kansas State University Foundation. (McCallon, Travis) (Entered: 06/26/2023) |
| 06/26/2023 | 3 | CORPORATE DISCLOSURE STATEMENT by Kansas State University Foundation identifying None as corporate parent. (McCallon, Travis) (Entered: 06/26/2023) |
| 06/26/2023 | 4 | STATE COURT RECORDS from District Court of McPherson County, Kansas. (Attachments: # 1 State Court Records)(McCallon, Travis) (Entered: 06/26/2023) |
| 06/26/2023 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge John W. Broomes and Magistrate Judge Kenneth G. Gale for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at http://www.uscourts.gov/forms/civil–forms/notice–consent–and–reference–civil–action–magistrate–judg (nao) (Entered: 06/26/2023)** |
| 06/26/2023 | 5 | CONSENT to Removal by Kansas State University re 1 Notice of Removal. (Teeter, Derek) (Entered: 06/26/2023) |
| 06/26/2023 | 6 | CONSENT to Removal by David Toland re 1 Notice of Removal. (Teeter, Derek) (Entered: 06/26/2023) |
| 06/26/2023 | 7 | CONSENT to Removal by Network Kansas re 1 Notice of Removal. (Rose, Alexandra) Modified on 6/27/2023 wrong event type used. (mam) (Entered: 06/26/2023) |
| 06/26/2023 | 8 | CONSENT to Removal by Western Kansas Rural Economic Development Alliance re 1 Notice of Removal. (Ternes, Travis) (Entered: 06/26/2023) |
| 06/26/2023 | 9 | CLERKS ORDER EXTENDING TIME until 7/17/2023 for Defendants Western Kansas Rural Economic Development Alliance, Kansas State University, David Toland, Grow Hays, Inc., Kansas State University Foundation, Kansas Department of Commerce, Network Kansas, Northwest Kansas Economic Innovation Cent Inc. to answer or otherwise plead. Signed by deputy clerk on 6/26/2023. Mailed to pro se Platinfiff Forrest L. Geist at 11334 W. 131st Street, Overland Park, KS 66213 by regular mail. (jk) (Entered: 06/27/2023) |
| 06/27/2023 | 10 | CONSENT to Removal by Northwest Kansas Economic Innovation Center, Inc. re 1 Notice of Removal. (McElgunn, Christopher) (Entered: 06/27/2023) |

| 06/27/2023 | 11 | CONSENT to Removal by David Clingan re 1 Notice of Removal. (Sook, Christopher) (Entered: 06/27/2023) |
|---|---|---|
| 06/27/2023 | 12 | CONSENT to Removal by Grow Hays, Inc. re 1 Notice of Removal. (Sook, Christopher) (Entered: 06/27/2023 |
| 06/28/2023 | 13 | SUMMONS RETURNED EXECUTED –– Personal Service upon David Clingan. (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/04/2023; See Doc. [4–1, page 51] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 14 | SUMMONS RETURNED EXECUTED –– Personal Service upon Kansas State University Foundation (Greg Willems). (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/25/2023; See Doc. [4–1, page 86] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 15 | SUMMONS RETURNED EXECUTED –– Personal Service upon Kansas State University (Dr. Richard Linton (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/30/2023; See Doc. [4–1, page 103] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 16 | SUMMONS RETURNED EXECUTED –– Personal Service upon Lt. Governor David Toland. (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/15/2023; See Doc. [4–1, page 56] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 17 | SUMMONS RETURNED EXECUTED –– Personal Service upon Network Kansas (Steve Radley). (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/30/2023; See Doc. [4–1, page 97] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 18 | SUMMONS RETURNED EXECUTED –– Personal Service upon Northwest Kansas Economic Innovation Center, Inc. (Scott Sproul) (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/09/2023; See Doc. [4–1, page 52] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 19 | SUMMONS RETURNED EXECUTED –– Personal Service upon Western Kansas Rural Economic Development Alliance (Eli Svaty) (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT O 05/31/2023; See Doc. [4–1, page 106] for pleading by Forrest L. Geist. (kmc) (Entered: 06/28/2023) |
| 06/28/2023 | 20 | MOTION to Dismiss Party Lt. Governor David Toland (ORIGINALLY FILED IN MCPHERSON COUNTY DISTRICT COURT ON 05/24/2023; See Doc. [4–1, page 70] by Defendant David Toland. (kmc) (Entered: 06/28/2023) |
| 07/11/2023 | 21 | PROOF OF SERVICE by Kansas State University Foundation of KSUF's Notice of Removal, Civil Cover Shee Corporate Disclosure, Notice of Filing, Notice of Judge Assignment and Clerk's Extension of Time. (McCallon Travis) (Entered: 07/11/2023) |
| 07/12/2023 | 22 | MOTION for Extension of Time to Receive Pleadings and Related Court Documents Delayed by the US Postal Service by Plaintiff Forrest L. Geist. (referred to Magistrate Judge Kenneth G. Gale) (jal) (Entered: 07/12/2023 |
| 07/17/2023 | 23 | JOINT MOTION to Dismiss for Failure to State a Claim by Kansas State University Foundation, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc. (McCallon, Travis) Modified on 7/18/2023 to update filers. (jal) (Entered: 07/17/2023) |
| 07/17/2023 | 24 | MEMORANDUM IN SUPPORT of 23 Joint Motion to Dismiss for Failure to State a Claim by Kansas State University Foundation, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc. (Attachments: # 1 Exhibit List, # 2 Exhibit 1 – Slide Deck, # 3 Exhibit 2 – Economic Prosperity Plan)(McCallon, Travis) (Entered: 07/17/2023) |
| 07/17/2023 | 25 | MOTION for attorney Luke M. Meriwether to appear pro hac vice (Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–6106914.) by Defendant Kansas State University. (Motion referred to Magistrate Judge Kenneth G. Gale.) (Attachments: # 1 Affidavit of Luke M. Meriwether, # 2 ECF Registration Form)(McCallon, Travis) (Entered: 07/17/2023) |

| 07/17/2023 | 26 | JOINT MOTION to Dismiss for Failure to State a Claim by Defendants Kansas State University, David Toland (Teeter, Derek) (Entered: 07/17/2023) |
|---|---|---|
| 07/17/2023 | 27 | MEMORANDUM IN SUPPORT of 26 Joint Motion to Dismiss for Failure to State a Claim by Defendants Kansas State University, David Toland. (Teeter, Derek) (Entered: 07/17/2023) |
| 07/17/2023 | 28 | ENTRY OF APPEARANCE by Michael T. Raupp on behalf of Kansas State University, David Toland. (Raupp, Michael) (Entered: 07/17/2023) |
| 07/17/2023 | 29 | MOTION to Dismiss by Defendant Network Kansas. (Rose, Alexandra) (Entered: 07/17/2023) |
| 07/17/2023 | 30 | MEMORANDUM IN SUPPORT of 29 Motion to Dismiss by Defendant Network Kansas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Rose, Alexandra) (Entered: 07/17/2023) |
| 07/17/2023 | 31 | ORDER granting 25 Motion to Appear Pro Hac Vice of Luke M. Meriwether for Kansas State University Foundation pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge Kenneth G. Gale on 7/17/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 07/17/2023) |
| 07/18/2023 | | DOCKET ANNOTATION: Plaintiff Forrest L. Geist is a registered pro se participant with e–filing & ECF notifications. (gw) (Entered: 07/18/2023) |
| 07/24/2023 | 32 | MOTION for Extension of Time to File responses as to 20 MOTION to Dismiss Party Lt. Governor David Toland, 23 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by Kansas State University Foundation, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc.*, 26 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM & 29 MOTION to Dismiss by Plaintiff Forrest L. Geist (Attachment: # 1 Exhibit – Notice of Continued Disruptions)(msb) (Entered: 07/24/2023) |
| 07/24/2023 | 33 | ORDER finding as moot 22 Motion for Extension of Time to Receive Pleadings. Plaintiff submitted this motion to the Court for a second time on 7/24/23 and it was docketed (for the second time) as Doc. 32 . Because the motion need only be decided by the Court once, the initial filing of this motion (Doc. 22 ) is denied as moot. Plaintiff's requested relief will be addressed by the District Court in the context of Doc. 32 , the most recent, duplicate filing of this motion. Signed by Magistrate Judge Kenneth G. Gale on 7/24/23. Mailed to pro se party Forrest L. Geist by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 07/24/2023) |
| 07/24/2023 | | NOTICE Re: Pro Se Mailing. Document 33 Order on Motion for Extension of Time mailed to Forrest L. Geist on 7/24/2023 by regular mail. (cc) (Entered: 07/24/2023) |
| 07/24/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 32 MOTION for Extension of Time to Receive Pleadings as to 29 MOTION to Dismiss , 26 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 20 MOTION to Dismiss Party Lt. Governor David Toland, 23 Joint MOTION TO DISMISS. The motion will be resolved by the District Judge. (df)** (Entered: 07/24/2023) |
| 07/24/2023 | 34 | NOTICE of continued disruptions caused by US Postal Service and support for prior extension request to respond and file etc. by Forrest L. Geist (msb) (Entered: 07/25/2023) |
| 08/03/2023 | 35 | ORDER granting 32 MOTION for Extension of Time to File responses as to 29 MOTION to Dismiss, 26 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 23 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by Kansas State University Foundation, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc.*, 20 MOTION to Dismiss Party Lt. Governor David Toland. Response deadline 9/11/2023. Signed by District Judge John W. Broomes on 8/3/23.Mailed to pro se party by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 08/03/2023) |

| 08/09/2023 | 36 | MOTION to Disqualify Counsel (titled "Motion to Remove Defendants' Counsel for Conflicts of Interest, Ethic Protocols, and/or Jeopardizing Fairness, etc.) by Plaintiff Forrest L. Geist. (referred to Magistrate Judge Kennet G. Gale) (kas) (Entered: 08/09/2023) |
| 08/21/2023 | 37 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Honorable Brooks G. Severson for all further proceedings. Magistrate Judge Kenneth G. Gale no longer assigned to case. Signed by deputy clerk on 8/21/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 08/21/2023) |
| 08/22/2023 | 38 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Gwynne E. Birzer for all furth proceedings. Magistrate Judge Brooks G. Severson no longer assigned to case. Signed by deputy clerk on 8/22/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 08/22/2023) |
| 08/29/2023 | 39 | RESPONSE by Defendant Northwest Kansas Economic Innovation Center, Inc. re 36 Motion to Disqualify Counsel (Attachments: # 1 Exhibit 1)(McElgunn, Christopher) (Entered: 08/29/2023) |
| 08/30/2023 | 40 | MEMORANDUM IN OPPOSITION by Defendants Kansas State University, David Toland re 36 MOTION to Disqualify Counsel (Attachments: # 1 Declaration of Kip Randall)(Teeter, Derek) (Entered: 08/30/2023) |
| 08/30/2023 | 41 | MEMORANDUM IN OPPOSITION by Defendant Kansas State University Foundation re 36 MOTION to Disqualify Counsel *for Conflicts of Interest, Ethics Protocols, and/or Jeopardizing Fairness* (McCallon, Travis (Entered: 08/30/2023) |
| 08/30/2023 | 42 | RESPONSE by Defendant Network Kansas re 36 Motion to Disqualify Counsel (Rose, Alexandra) (Entered: 08/30/2023) |
| 08/31/2023 | 43 | REPLY TO RESPONSE TO MOTION by Plaintiff Forrest L. Geist re: 36 Motion to Disqualify Counsel. (jal) (Entered: 08/31/2023) |
| 09/08/2023 | 44 | RESPONSE (titled: Response to Defendants' Filings & Motion for Preliminary Injunctive Relief) by Plaintiff Forrest L. Geist re 29 Motion to Dismiss, 20 Motion to Dismiss Party, 26 Motion to Dismiss for Failure to State Claim, 23 Motion to Dismiss for Failure to State a Claim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P) (kmc) (Entered: 09/08/2023) |
| 09/08/2023 | 45 | MOTION for Preliminary Injunction (titled: Response to Defendants' Filings and Motion for Preliminary Injunctive Relief) by Plaintiff Forrest L. Geist. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P) (NOTE: This is a duplicate filir of docket entry 44 which is a two−part document containing both a Response and a Motion. This filing is for administrative purposes to capture the motion portion of the document) (kmc) (Entered: 09/08/2023) |
| 09/11/2023 | 46 | ORDER. The undersigned Magistrate Judge communicated with the parties, via letter dated August 25, 2023, regarding deferred scheduling in this case. Having received no objection, the Rule 16 conference will be postponed until after the pending Motions to Dismiss (ECF Nos. 20, 23, 26, and 26) have been decided by the District Judge. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 9/11/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 09/11/2023) |
| 09/20/2023 | 47 | SUPPLEMENT to 44 Response to Motion re 29 Motion to Dismiss, 20 Motion to Dismiss Party, 26 Motion to Dismiss for Failure to State a Claim, 23 Motion to Dismiss for Failure to State a Claim by Plaintiff Forrest L. Geist. (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S, # 4 Exhibit T, # 5 Exhibit U) (kmc) (Entered: 09/20/2023) |
| 09/22/2023 | 48 | |

| | | |
|---|---|---|
| | | REPLY TO RESPONSE TO MOTION by Defendants Kansas State University, David Toland re 26 Motion to Dismiss for Failure to State a Claim. (Teeter, Derek) (Entered: 09/22/2023) |
| 09/22/2023 | 49 | REPLY TO RESPONSE TO MOTION by Defendant Kansas State University Foundation, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc. re 23 Motion to Dismiss for Failure to State a Claim. (McCallon, Travis) Modified on 9/25/2023 to include additional filers. (mam) (Entered: 09/22/2023) |
| 09/22/2023 | 50 | REPLY TO RESPONSE TO MOTION by Defendant Network Kansas re 29 Motion to Dismiss. (Rose, Alexandra) (Entered: 09/22/2023) |
| 09/29/2023 | 51 | MEMORANDUM IN OPPOSITION by Defendant Kansas State University Foundation re 45 MOTION for Preliminary Injunction *(by All Defendants)* (McCallon, Travis) (Entered: 09/29/2023) |
| 10/04/2023 | 52 | NOTICE OF STATUS CONFERENCE: A Status Conference before Magistrate Judge Gwynne E. Birzer is set for 10/11/2023 at 02:30 PM by Zoom. Plaintiff shall be prepared to discuss the basis for claims purportedly brought on behalf of any of his heirs. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 10/04/2023) |
| 10/06/2023 | 53 | MEMORANDUM AND ORDER. Plaintiff's Motion to Remove Defendants' Counsel for Conflicts of Interest, Ethics Protocols, and/or Jeopardizing Fairness, etc. (ECF No. 36 ) is denied in part and found as moot in part. Signed by Magistrate Judge Gwynne E. Birzer on 10/6/2023. (mam) (Entered: 10/06/2023) |
| 10/11/2023 | 54 | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: STATUS CONFERENCE held on 10/11/2023. (Tape #2:40–3:05.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 10/11/2023) |
| 10/17/2023 | 55 | MOTION for Continuance and/or to Stay of Proceedings by Plaintiff Forrest L. Geist. (kmc) (Entered: 10/17/2023) |
| 10/18/2023 | 56 | STIPULATION *(Joint)* by Kansas State University Foundation. (McCallon, Travis) (Entered: 10/18/2023) |
| 10/24/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 55 MOTION to Stay Case. The motion will be resolved by the District Judge. (kf)** (Entered: 10/24/2023) |
| 10/27/2023 | 57 | MEMORANDUM IN OPPOSITION by Defendant Kansas State University Foundation re 55 MOTION to Stay Case *(and Western Kansas Rural Economic Development Alliance, Northwest Kansas Economic Innovation Center, Inc. Grow Hays, Inc., Network Kansas and Kansas State University, Lt. Governor and Secretary of Commerce David C. Toland)* (McCallon, Travis) (Entered: 10/27/2023) |
| 10/30/2023 | 58 | REPLY TO RESPONSE TO MOTION by Plaintiff Forrest L. Geist re 55 Motion for Continuance and/or to Stay of Proceedings. (mam) (Entered: 10/30/2023) |
| 11/06/2023 | 59 | SUPPLEMENT to 47 Supplement to 44 Response to Motion re 29 Motion to Dismiss, 20 Motion to Dismiss Party, 26 Motion to Dismiss for Failure to State a Claim, 23 Motion to Dismiss for Failure to State a Claim by Plaintiff Forrest L. Geist. (Attachments: # 1 Exhibit Y)(kas) Modified docket entry relationship on 11/14/2023 (ca). (Entered: 11/06/2023) |
| 11/09/2023 | 60 | SUPPLEMENT to 47 Supplement to Response to Motion (titled "Addendum Three (3) for Plaintiff's Reply to Defendant's Response to Plaintiff's Original Petition and in Support of Plaintiff's Position") to 44 Response to Motion re 29 Motion to Dismiss, 20 Motion to Dismiss Party, 26 Motion to Dismiss for Failure to State a Claim, 23 Motion to Dismiss for Failure to State a Claim by Plaintiff Forrest L. Geist. (Attachments: # 1 Ex. Z)(kas) Modified docket entry relationship on 11/14/2023 (ca). (Entered: 11/09/2023) |
| 11/13/2023 | 61 | SUPPLEMENT to 47 Supplement to 44 Response to Motion re 29 Motion to Dismiss, 20 Motion to Dismiss Party, 26 Motion to Dismiss for Failure to State a Claim, 23 Motion to Dismiss for Failure to State a Claim by Plaintiff Forrest L. Geist. (ca) Modified docket entry relationship on 11/15/2023 (ca). (Entered: 11/14/2023) |

| 11/16/2023 | 62 | MOTION to Strike 61 Supplement, 59 Supplement, 60 Supplement,, *and Memorandum in Support (by All Defendants)* by Defendant Kansas State University Foundation. (McCallon, Travis) (Entered: 11/16/2023) |
| --- | --- | --- |
| 11/20/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 62 MOTION to Strike 61 Supplement, 59 Supplement, 60 Supplement,** *and Memorandum in Support (by All Defendants).* **The motion will be resolved by the District Judge. (kf)** (Entered: 11/20/2023) |
| 11/21/2023 | 63 | MEMORANDUM AND ORDER denying 45 MOTION for Preliminary Injunction; denying 55 Motion to Stay Case; denying as moot 62 Motion to Strike; denying as moot 20 Motion to Dismiss Party; granting 23 JOINT MOTION to Dismiss for Failure to State a Claim; granting 26 JOINT MOTION to Dismiss for Failure to State a Claim; granting 29 Motion to Dismiss. Counts III, IX, and X are dismissed with prejudice as to KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Grow Hays, Inc., and NetWork Kansas. The remainder of this action is dismissed without prejudice. Signed by District Judge John W. Broomes on 11/21/2023. (kas) (Entered: 11/21/2023) |
| 11/21/2023 | 64 | JUDGMENT. Signed by deputy clerk on 11/21/2023. (kas) (Entered: 11/21/2023) |
| 12/18/2023 | 65 | NOTICE OF APPEAL as to 63 Memorandum and Order and 64 Judgment by Plaintiff Forrest L. Geist. Filing f $ 605 paid, receipt # 600003565. (mls) (Entered: 12/18/2023) |
| 12/18/2023 | 66 | TRANSCRIPT ORDER FORM: No Transcript Required filed by Forrest L. Geist re 65 Notice of Appeal. (mls (Entered: 12/18/2023) |

FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for    **Form 1**
Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)   **March 2023**

## UNITED STATES

## DISTRICT COURT FOR THE DISTRICT OF KANSAS

## NOTICE OF APPEAL

      Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:   6:23-cv-01129-JWB-GEB

Case title being appealed:   Geist        v. Kansas State Univ et al

Date of final judgment or order being appealed:   11/21/2023

**List all Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Forrest L. "Lenny" Geist, Pro Se

Date: 12/18/2023         Signature: _[signature]_

                       Name: Forrest L. "Lenny" Geist

                       Address: 1371 Oakmont St. # 9

                       McPherson, KS 67460

                       Phone Number: (623) 687-4163

                       Email Address: KansasFreedomFarms@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FORREST L. GEIST,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-01129-JWB** |
| **KANSAS STATE UNIVERSITY FOUNDATION, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This matter is before the court on review of Defendants' motions to dismiss (Docs. 23, 26, 29), Plaintiff's motion for preliminary injunction (Doc. 45), and Plaintiff's motion to stay (Doc. 55). The motions are fully briefed (Docs. 24, 27, 30, 44, 45, 47–51, 56–61) and ripe for review. Defendants have also filed a motion to strike some of Plaintiff's untimely filings (Doc. 62). The court GRANTS the motions to dismiss for the reasons discussed herein. Consequently, the court DENIES the motion for preliminary junction and motion to stay. The court DENIES AS MOOT the motion to strike.

## I. Background

Plaintiff Forrest L. Geist began "formulating authentic business approaches that creatively blended multiple concepts, technologies, industries, initiatives, and compilations unlike any in use then or since to gain a competitive advantage as well as economic benefits for his private company (LLC)" in February 2017. (Doc. 1-1 at 3.) Plaintiff presented his idea for a statewide network of 105 "ag-tech campuses" to "K-State College of Agriculture Assoc. Dean" Dr. Ernie Minton, three faculty members, and an electrical engineer in April 2018. (*Id.* at 5.) Plaintiff also met with Kansas State University ("KSU") and Kansas State University Foundation ("KSUF") leaders in

12

August 2018.  (*Id.* at 7.)  Defendants announced a project called "K-State 105" in January 2023 that Plaintiff believes is a "flimsy renaming and repositioning of [Plaintiff's] Intellectual Property (IP), Trade Secrets (TS) and Copyrighted Content (CC)." (*Id.* at 8.)

Plaintiff sued Defendants KSU, KSUF, NetWork Kansas, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Lieutenant Governor David Toland, KDOC Associates, and Grow Hays in state court for alleged violations of state and federal law connected to the alleged misappropriation of intellectual property.  (Doc. 1-1 at 2.)[1]  KSUF removed this case to federal court with the other Defendants' consent by invoking 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  (Doc. 1 at 1–3.)  The parties have stipulated that Plaintiff is pursuing his claims and allegations only on behalf of himself as an individual citizen.  (Doc. 56 at 1.)  All Defendants move to dismiss.  (Docs. 23, 26, 29.)

## II.    Standard

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a

---

[1]    The state court action lists Grow Hays as a Defendant in the body of the complaint.  (Doc. 1-1 at 6.)  "KDOC Associates" are never specified, and it seems that Plaintiff is merely attempting to sue Toland in his official capacity.  Any other persons Plaintiff may have served in this action who are not discussed in the body of this order are dismissed for failure to state a claim against them due to a complete lack of specific allegations.

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted).

All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing on the court's consideration. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.   Analysis

Plaintiff's complaint lists ten counts against Defendants: (1) violation of the Kansas Uniform Trade Secrets Act, (2) violation of the Defend Trade Secrets Act, (3) violation of the Economic Espionage Act, (4) violation of the Digital Millennium Copyright Act, (5–6) tortious interference, (7) violation of federal securities laws, (8) violation of the Computer Fraud and Abuse Act, (9) commission of cybercrimes under Kansas law, and (10) generalized criminal conspiracy. (Doc. 1-1 at 8–11.)[2] The court addresses the motion to dismiss by KSU and Toland first because it raises issues of immunity from liability.

### 1.   KSU & Toland's Motion to Dismiss

KSU and Toland argue that they are arms of the state that are immune from liability for Plaintiff's federal claims under traditional sovereign immunity and immune from Plaintiff's state claims under the discretionary function exception of the Kansas Tort Claims Act ("KTCA"). (Doc. 27 at 11–17.) Plaintiff argues (1) that the KTCA does not grant immunity for illegal activities, (2)

---

[2]   The court construes counts 5, 6, and 10 as being under state law because those claims seem centered on state law concepts despite passing references to federal law.

that Eleventh Amendment immunity is not absolute, and (3) that KSU and Toland have no immunity under the proprietary functions test. (Doc. 44 at 21–22, 28.)

States enjoy two discrete types of sovereign immunity: (1) Eleventh Amendment immunity from suit in federal court, and (2) a general sovereign immunity to damages in any court. *See Lujan v. Regents of Univ. of Calif.*, 69 F.3d 1511, 1522 (10th Cir. 1995). A state may invoke this second type of immunity, immunity from liability, even after agreeing to removal. *Trant v. Oklahoma*, 754 F.3d 1158, 1173 (10th Cir. 2014). "In Kansas, the consent to suit or waiver of sovereign immunity must be based on State action, meaning legislative enactments expressing the will of the elected officials and cannot be based on acts of agents." *Purvis v. Williams*, 276 Kan. 182, 73 P.3d 740, 749 (2003). Moreover, governmental entities and officials acting within the scope of their employment are not liable for damages under Kansas law when performing a discretionary function or duty. K.S.A. § 75-6104.

Here, addressing Plaintiff's second and third arguments, Plaintiff's argument about Eleventh Amendment immunity is inapposite because Toland and KSU are asserting immunity from liability rather than their Eleventh Amendment immunity from suit in a federal forum. Similarly, Plaintiff does not explain how engaging in a proprietary function would affect a state's sovereign immunity from liability in federal court. And moreover, he does not allege facts to establish Toland and KSU engaged in proprietary functions under Kansas law. "Acts that declare a public purpose and provide ways and means to accomplish that purpose generally may be classified as governmental." *Jayhawk Racing Properties, LLC v. City of Topeka*, 313 Kan. 149, 155, 484 P.3d 250, 254 (2021) (noting one of the factors for determining a governmental function). Here, Plaintiffs pleadings focus exclusively on the "K-State 105" announcement by government officials in Topeka. (Doc. 1-1 at 8.) Plaintiff provides no facts to indicate this announcement and

plan were anything but an attempt to achieve a public purpose and were thus a governmental function. *See City of Olathe v. City of Spring Hill*, 316 Kan. 64, 512 P.3d 723, 727 (2022) (finding it unnecessary to break analysis down into multiple factors when the development, introduction, or improvement of governmental services was clearly involved in municipal annexation).

Nor do Plaintiff's pleadings otherwise plausibly show that sovereign immunity does not apply due to abrogation by Congress, an *Ex Parte Young* exception, or waiver by the state. The only exception that would possibly apply here would be an *Ex Parte Young* suit against Toland in his official capacity for prospective injunctive relief, but Plaintiff fails to allege the necessary "connection with the enforcement" of a challenged policy. *Frank v. Lee*, 84 F.4th 1119, 1132 (10th Cir. 2023). Therefore, Plaintiff's second and third arguments must fail and Toland and KSU are entitled to immunity from Plaintiff's federal claims.

Turning to Plaintiff's argument about the KTCA, Plaintiff is partially correct in that the KTCA does generally waive immunity from liability for state actors for state tort claims. K.S.A. § 75-6103. Here, however, Toland and KSU assert that any acts alleged in Plaintiff's complaint fall within the discretionary function exception to the waiver from immunity. "[T]o determine whether a . . . function or duty is discretionary for the purposes of the KTCA, courts must ask 'whether the judgment of the governmental employee is of the nature and quality which the legislature intended to put beyond judicial review.'" *Schreiner v. Hodge*, 315 Kan. 25, 504 P.3d 410, 424 (2022) (citation omitted). A judgment more involved with policy is more likely recognized as inappropriate for judicial review. *Id.* Here, Plaintiff's allegations unequivocally center on economic policy rather than any mandatory duty by Toland or KSU. Therefore, Toland and KSU are also entitled to dismissal of Plaintiff's state claims without prejudice based on sovereign immunity.

## 2. Remaining Motions to Dismiss

The court addresses the motions to dismiss and accompanying memoranda by KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, and Grow Hays, Inc. (Docs. 23, 24) and NetWork Kansas (Docs. 29, 30) (collectively, the "Organization Defendants") in tandem because their arguments overlap.

### i. Counts with No Private Cause of Action (Counts III, IX, and X)

Plaintiff brings claims for violation of the Economic Espionage Act (Count III), violation of K.S.A. § 22-2619 (Count IX), and criminal conspiracy (Count X). Organization Defendants argue that there are no private causes of action for any of these counts. (Doc. 24 at 14–15, 19; Doc. 30 at 8, 14.) The court agrees. These counts are dismissed with prejudice for failure to state a claim because amendment would be futile.

### ii. Counts I and II

Plaintiff brings claims under the Kansas Uniform Trade Secrets Act and the Defend Trade Secrets Act. (Doc. 1-1 at 8–9.) Organization Defendants argue that Plaintiff fails to sufficiently allege a trade secret, and Plaintiff can never allege a trade secret because he enclosed any information that could possibly be a trade secret in this case in a trademark application, which is public record. (Doc. 24 at 11–14; Doc. 30 at 4–7.) Plaintiff argues that his payment for a trademark illustrates his intent was to protect his works, and that his trade secrets are contained in documents that were not attached to the trademark application. (Doc. 44 at 2.) Moreover, he asserts the executive summary of his ideas attached to the trademark application does not contain his trade secrets. (*Id.* at 5.)

The elements of a misappropriation claim under the Kansas Uniform Trade Secrets Act and the Defend Trade Secrets Act are almost the same. *Assessment Techs. Inst., LLC v. Parkes*,

588 F. Supp. 3d 1178, 1211 (D. Kan. 2022).  As relevant here, both claims require the existence of a trade secret.  *Id.*  Trade secrets under the Defend Trade Secrets Act are "all forms and types of financial, business, scientific, technical, economic, or engineering information."  *Id.* (citing 18 U.S.C. § 1839(3)).  But the owner must take "reasonable measures to keep such information secret" and the information must create independent economic value from not being generally known or ascertainable by others.  *Id.* (citing § 1839(3)(A)–(B)).  The Kansas Uniform Trade Secrets Act defines a trade secret similarly.  *See* K.S.A. § 60-3320(4).

Here, Plaintiff fails to sufficiently allege the existence of a trade secret.  Plaintiff's allegations about his unique "business approaches" are insufficiently specific to put any Defendant on notice as to what the purported trade secrets are.  Dismissal is appropriate.  However, dismissal without prejudice is appropriate because amendment may not necessarily be futile.  The court may consider the trademark application because it is referenced in the complaint and its authenticity is undisputed.  *See Alcarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (noting that a court may consider documents referred to in the complaint if they are central to plaintiff's claims and undisputed).  But Plaintiff now claims that his trade secrets are not contained in his trademark application.  (Doc. 44 at 5 ("The exec summary doesn't include trade secrets in question as part of IP Defendants stole."))  This seems in tension with Plaintiff's allegation that he "submitted his entire business plan along with his trademark application."  (Doc. 1-1 at 3.)

But ultimately Plaintiff's allegations are too vague for the court to tell precisely what any particular trade secret is and whether the disclosures in the trademark application or on the Freedom Farms website invalidate any trade secret claim Plaintiff may have.  Contrary to what Plaintiff seems to think, a trade secret is a distinct method of protecting intellectual property and is not interchangeable with trademark and copyright.  Unfettered public access is insufficient to

establish a trade secret as a matter of law. *Cf. Assessment Techs. Inst., LLC*, 588 F. Supp. 3d at 1212 (finding no evidence that a purported trade secret was generally available to the public). The court dismisses Counts I and II without prejudice.

### iii.    Count IV

Plaintiff alleges that Defendants violated the Digital Millennium Copyright Act by illegally copying and using his business plan. (Doc. 1-1 at 9.) Construing this allegation as a copyright infringement claim, Organization Defendants argue, *inter alia*, that Plaintiff cannot bring a claim for copyright infringement because he has failed to allege preregistration or registration of a copyright. (Doc. 24 at 15; Doc. 30 at 8–9.) Plaintiff does not seem to contest that he is bringing a copyright infringement claim and argues that copyright protections apply with or without registration. (Doc. 44 at 2.)

In general, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). This is a precondition to suit that is nonjurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). Here, Plaintiff points to the Supreme Court's recent decision in *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178 (2022) to argue that the safe harbor provision of the Copyright Act protects him even without a proper registration. (Doc. 44 at 2.) But Plaintiff misunderstands the Supreme Court's decision and Organization Defendants' argument. *Unicolors* held that "[l]ack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration," but a registration generally remains "a prerequisite for bringing a 'civil action for infringement.'" *Unicolors, Inc.*, 595 U.S. at 181–82 (citing § 411(a)). The court therefore finds that dismissal of Count IV without prejudice is appropriate.

8

19

### iv.  Counts V and VI

Plaintiff alleges that he has suffered tortious interference with his prospective business advantage by Defendants usurping professional relationships and undermining efforts between Plaintiff and potential investors and partners.  (Doc. 1-1 at 9–10.)  Organization Defendants argue in part that Plaintiff fails to allege a plausible claim because he fails to address the necessary elements for a tortious interference claim.  (Doc. 24 at 17; Doc. 30 at 12.)

> The elements of a tortious interference with prospective business advantage claim are:
>
> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) a reasonable certainty that, except for the conduct of the defendant, plaintiff would have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) incurrence of damages by plaintiff as a direct or proximate result of defendant's misconduct.

*Cohen v. Battaglia*, 296 Kan. 542, 293 P.3d 752, 755 (2013).  Here, Plaintiff fails to allege the parties with which he would have had a relationship, and he also fails to allege facts supporting any potential relationship would have been realized but for Organization Defendants, or that he incurred any damages due to the loss of those relationships.  The court dismisses Counts V and VI without prejudice.

### v.  Count VII

Plaintiff alleges that Defendants violated federal securities laws by raising capital for the illegal equivalent of Plaintiff's plans without SEC registration.  (Doc. 1-1 at 11.)  Organization Defendants argue, *inter alia*, that Plaintiff fails to state a claim because he does not identify any security in his complaint to which a private cause of action under federal securities laws could apply.  (Doc. 24 at 18; Doc. 30 at 13.)  The court agrees and dismisses this count without prejudice for failure to state a claim.

### vi.    Count VIII

Plaintiff alleges Defendants violated the Computer Fraud and Abuse Act by using computers and electronic devices to unlawfully enrich themselves at Plaintiff's expense.  (Doc. 1-1 at 11.)  Organization Defendants argue that Plaintiff fails to state a claim because he does not allege unauthorized access to a computer.  (Doc. 24 at 18–19; Doc. 30 at 13.)  18 U.S.C. § 1030(g) provides a limited private cause of action against those who knowingly access a computer "without authorization or exceeding authorized access."  § 1030(a).  There is no such allegation against Organization Defendants here, so Plaintiff fails to state a claim.  This claim is dismissed without prejudice.

### 3.    Motion for Preliminary Injunction; Motion to Stay

Plaintiff moves this court for a preliminary injunction (Doc. 45) and to stay these proceedings for a year for potential criminal actions against Defendants.  (Doc. 55.)  One requirement for getting a preliminary injunction is a likelihood of success on the merits.  *Stewart v. Norwood*, No. 5:16-cv-03189-JAR, 2017 WL 2306342, at *2 (D. Kan. May 26, 2017).  Based on the foregoing, Plaintiff cannot make this showing.  The court thus denies the motion for a preliminary injunction.

Regarding the request for a stay, the court has used the following factors to determine whether to grant a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.

*Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427, at *2 (D. Kan. May 30, 2018).  Here, there is no current criminal case pending against Defendants, Plaintiff chose to bring this action

now, Defendants would be burdened by any delay after fully briefing multiple motions in this case, and the court's and public's interest would not be served in prolonging a case subject to meritorious motions to dismiss.  The court thus denies the motion to stay.[3]

Finally, Defendants move to strike Documents 59, 60, and 61 as untimely sur-replies.  (Doc 62.)  While Defendants are correct that such documents were filed without the court's permission, even considering those documents, the court finds the above holdings appropriate.  Therefore, the motion to strike is denied as moot.

## IV.    Conclusion

The court GRANTS the motions to dismiss (Docs. 23, 26, 29).  Counts III, IX, and X are DISMISSED WITH PREJUDICE as to KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Grow Hays, Inc., and NetWork Kansas.  The remainder of this action is DISMISSED WITHOUT PREJUDICE.  Toland's former motion to dismiss (Doc. 20) is DENIED AS MOOT.  Defendants' motion to strike (Doc. 62) is DENIED AS MOOT.  All remaining pending motions (Docs. 45, 55) are DENIED.

IT IS SO ORDERED.

Dated: November 21, 2023                    /s/     John Broomes
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE

---

[3]    The court declines to address any additional alternative arguments raised by Defendants in their briefing.

# United States District Court

------------------------- DISTRICT OF KANSAS---------------------------

FORREST L. GEIST,

       Plaintiff,

       v.

KANSAS STATE UNIVERSITY
FOUNDATION, et al.,

       Defendants.

Case No. 23-01129-JWB

## JUDGMENT IN A CIVIL CASE

☐   Jury Verdict.  This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒   Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED that pursuant to memorandum and order filed November 21, 2023, Counts III, IX, and X are DISMISSED WITH PREJUDICE as to KSUF, Northwest Kansas Economic Innovation Center, Inc., Western Kansas Rural Economic Development Alliance, Grow Hays, Inc., and NetWork Kansas.  The remainder of this action is DISMISSED WITHOUT PREJUDICE.

_____November 21, 2023_____
       Date

SKYLER O'HARA
CLERK OF THE DISTRICT COURT

by: ___s/ Rachael Silva_____
       Deputy Clerk