**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

FORREST L. GEIST,

     Plaintiff - Appellant,

v.

KANSAS STATE UNIVERSITY
FOUNDATION; KANSAS STATE
UNIVERSITY; NETWORK
KANSAS; NORTHWEST KANSAS
ECONOMIC INNOVATION
CENTER, INC.; WESTERN
KANSAS RURAL ECONOMIC
DEVELOPMENT ALLIANCE;
DAVID TOLAND; KANSAS
DEPARTMENT OF COMMERCE;
GROW HAYS, INC.,

     Defendants - Appellees.

No. 23-3266
(D.C. No. 6:23-CV-01129-JWB-
GEB)
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Forrest L. "Lenny" Geist, proceeding pro se, appeals from the district court's order dismissing his complaint against Kansas State University ("K-State"), the Kansas State University Foundation ("K-State Foundation"), Network Kansas, Northwest Kansas Economic Innovations Center, Inc., Western Kansas Rural Economic Development Alliance, and Lt. Governor David Toland, being sued in his official capacity.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons given by the district court.

## I.

In April 2023, Mr. Geist sued for misappropriation of trade secrets in connection with the announcement of the K-State 105 initiative. Mr. Geist alleged that this initiative had copied his business plan for a statewide network of 105 "ag-tech campuses."

Mr. Geist brought causes of action for (1) violations of the Uniform Trade Secrets Act and Defend Trade Secrets Act; (2) violations of the Economic Espionage Act, 18 U.S.C. § 1832; (3) violations of Kansas Statute § 22-2619, which concerns venue for crimes committed with electronic devices; (4) criminal conspiracy; (5) violations of the Digital

---

[1]    Mr. Geist named several other defendants on the face of his complaint but included no specific allegations referencing them. The district court dismissed all such claims for failure to include specific allegations.

Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201-1205;

(6) tortious interference with prospective business advantage;

(7) violations of federal securities laws; and (8) violations of the Computer

Fraud and Abuse Act, 18 U.S.C. § 1030.

In an order dated November 21, 2023, the district court dismissed the

action and entered final judgment. The court dismissed the claims against

K-State and Lt. Gov. Toland under Rule 12(b)(1) for lack of jurisdiction

based on sovereign immunity and dismissed all claims against the

remaining defendants under Rule 12(b)(6) for failure to state a claim. The

court concluded that plaintiff's allegations concerning his business plan

were not sufficiently specific to plead the existence of a trade secret. *See*

*Oakwood Labs., LLC v. Thanoo*, 999 F.3d 892, 906 (3d Cir. 2021)

(explaining that in a misappropriation case, the alleged trade secret must

be described with sufficient particularity to put the defendant on notice of

the claims being made against it); *InteliClear, LLC v. ETC Global Hldgs.,*

*Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (same).

The court went on to hold that Mr. Geist's failure to allege

registration of a copyright was fatal to his claim under the DMCA. *See*

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022)

(explaining that a valid copyright registration is "a prerequisite for

bringing a civil action for infringement of the copyrighted work" (internal

quotation marks omitted)). With this holding, the court dismissed the

3

tortious interference claims, reasoning that Mr. Geist had not identified the parties to the alleged business relationship or alleged facts supporting an inference of interference with any such relationship to his financial detriment. *See Cohen v. Battaglia*, 293 P.3d 752, 755 (Kan. 2013) (setting forth elements of tortious interference claim). The court dismissed

- claims under the Economic Espionage Act, Kansas Statute § 22-2619, and for criminal conspiracy, concluding that these criminal laws do not provide a private right of action,

- the federal securities claims because the complaint did not identify a security as to which the federal securities laws might apply, and

- the claim under the Computer Fraud and Abuse Act because the complaint did not allege facts to indicate any defendant engaged in unauthorized use of a computer as required by 18 U.S.C § 1030(a).

## II.

Our review is de novo. *See Frank v. Lee*, 84 F.4th 1119, 1131 (10th Cir. 2023) ("We review a district court's determination of state sovereign immunity de novo."), *cert. denied*, 144 S. Ct. 1349 (2024); *Sagome, Inc. v. Cincinnati Ins. Co.*, 56 F.4th 931, 934 (10th Cir. 2023) ("We review a Rule 12(b)(6) dismissal de novo and apply the same standards as the district court."). To survive a motion to dismiss, "a complaint must allege facts that, if true, state a claim to relief that is plausible on its face." *Sagome*, 56 F.4th at 934 (internal quotation marks omitted). We must construe Mr. Geist's pro se filings liberally but we "cannot take on the

responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Geist fails to make a cogent argument demonstrating how the district court erred in dismissing his claims. His appellate briefs set forth many legal principles and theories, but none bear on the grounds for dismissal. We thus affirm the dismissal of this action for substantially the same reasons stated in the district court's well-reasoned order.

Entered for the Court


Per Curiam